**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

TIMOTHY J. RIVERA, an individual,

    Plaintiff,

v.                                        Case No. 1:24-cv-00307-SCY-JHR

SCOTT MATASAR, an individual, and
MATASAR JACOBS LLC, a foreign
limited liability company,

    Defendants.

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR LEGAL MALPRACTICE AND COUNTERCLAIM FOR BREACH OF CONTRACT**

For their Answer to Plaintiffs' Complaint for Legal Malpractice ("Complaint"), Defendants Scott Matasar and Matasar Jacobs LLC state as follows:

**PARTIES, VENUE, AND JURISDICTION**

1. Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 1 of the Complaint and therefore deny the same.

2. Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4. The allegations contained in Paragraph 4 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

5. In response to the allegations contained in Paragraph 5, Defendants admit that the United States District Court for the District of New Mexico has personal and subject matter jurisdiction over the parties and subject matter of this lawsuit. Defendants otherwise deny the allegations contained in Paragraph 5.

6. In response to the allegations contained in Paragraph 6, Defendants admit that the United States District Court for the District of New Mexico is the proper venue. Defendants otherwise deny the allegations contained in Paragraph 6.

## FACTS APPLICABLE TO ALL COUNTS

7. In response to the allegations contained in Paragraph 7, Defendants incorporate their previous responses as if fully set forth herein.

8. Defendants admit the allegations contained within Paragraph 8 of the Complaint.

9. Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 9 of the Complaint and therefore deny the same.

10. Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 10 of the Complaint and therefore deny the same.

11. Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 11 of the Complaint and therefore deny the same.

12. Defendants admit the allegations contained within Paragraph 12 of the Complaint.

13. Defendants admit that Matasar Jacobs LLC drafted a memorandum regarding law concerning "Tombstone letters." Defendants deny the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 14 of the Complaint and therefore deny the same.

15. Defendants admit the allegations contained within Paragraph 15 of the Complaint.

16. Defendants admit the allegations contained within Paragraph 16 of the Complaint.

17. Defendants admit the allegations contained within Paragraph 17 of the Complaint.

18. Defendants admit the allegations contained within Paragraph 18 of the Complaint.

19. Defendants admit the allegations contained within Paragraph 19 of the Complaint.

20. Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 20 of the Complaint and therefore deny the same.

21. Defendants admit the allegations contained within Paragraph 21 of the Complaint.

22. Defendants admit the allegations contained within Paragraph 22 of the Complaint.

23. Defendants admit the allegations contained within Paragraph 23 of the Complaint.

24. Defendants admit the allegations contained within Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained within Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained within Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained within Paragraph 27 of the Complaint.

28. Defendants admit the allegations contained within Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained within Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained within Paragraph 30 of the Complaint.

31. Defendants admit the allegations contained within Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained within Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained within Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained within Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained within Paragraph 35 of the Complaint.

## COUNT 1 – PROFESSIONAL NEGLIGENCE

36. In response to the allegations contained in Paragraph 36, Defendants incorporate their previous responses as if fully set forth herein.

37. Defendants admit the allegations contained within Paragraph 37 of the Complaint.

38. The allegations contained in Paragraph 38 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

## COUNT TWO – BREACH OF FIDUCIARY DUTY

42. In response to the allegations contained in Paragraph 42, Defendants incorporate their previous responses as if fully set forth herein.

43. The allegations contained in Paragraph 43 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants further deny that Plaintiff is entitled to the relief specified in the unnumbered Paragraph following Paragraph 45 of the Complaint.

## ADDITIONAL DEFENSES

47. Defendants deny all allegations not specifically admitted.

48. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

49. Plaintiff's Complaint is barred, in whole or in part, by any failure of Plaintiff to mitigate his damages.

50. To the extent Plaintiff suffered any injuries or damages, the existence of which Defendants deny, such injuries or damages are the result of his own actions, or the actions or omission of parties for which Defendants are not liable, and are subject to the doctrine of comparative fault.

51. Any claim Plaintiff may have for punitive damages is barred, or such claim should be reduced, pursuant to the provisions of the Constitutions of the United States and New Mexico and pursuant to applicable law.

52. Plaintiff's claims are barred by the doctrine of waiver, estoppel, laches, and/or unclean hands.

53. Plaintiff's claims are not ripe and are premature.

54. Defendants do not knowingly or intentionally waive any applicable affirmative defenses. Defendants affirmatively reserve the right to assert additional defenses that they may discover after appropriate discovery and to which they may be entitled under the law, including case law, statutes, and rules.

WHEREFORE, Defendants pray that Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety and for such other and further relief as the Court may deem just and proper.

## **COUNTERCLAIM**

### **COUNT I—BREACH OF CONTRACT**

1. Venue is proper in the United States District Court for the District of New Mexico and the Court has jurisdiction over the parties and subject matter of this Counterclaim.

2. Plaintiff Timothy J. Rivera entered into an Engagement Agreements with Matasar Jacobs LLC ("Matasar Jacobs") on or about February 25, 2020 and January 23, 2021. Copies of these Engagement Agreements are attached hereto.

3. The Engagement Agreements are legally binding contracts between Matasar Jacobs on the one side and Timothy J. Rivera on the other.

4. The Engagement Agreements provided that "You agree that each of you is are [sic] jointly and severally responsible to Matasar Jacobs for all fees, costs and expenses incurred in connection with provision of legal services."

5. The Engagement Agreements further provided that "You or Matasar Jacobs may terminate the arrangements set forth herein at any time. Upon any such termination, Matasar Jacobs will be entitled to immediate payment of any unpaid fees, costs and expenses."

6. The Engagement Agreements further provided that "The client shall have the right at any time to terminate our services and representation upon written notice to the firm. Such termination shall not, however, relieve the client of the obligation to pay for all services rendered and costs or expenses paid or incurred on behalf of the client prior to the date of such termination."

7. Matasar Jacobs issued invoices to Rivera for services rendered and costs and expenses incurred in connection with the Engagement Agreements.

8. Rivera remained current on the payments owed Matasar Jacobs for the invoices it issued from until the issuance of the July 2022 invoice, following the completion of the FINRA arbitration proceeding referenced in Plaintiff's Complaint.

9. Scott Matasar and an Associate attorney of Matasar Jacobs spent June 5, 2022 to June 12, 2022 in Santa Fe and Albuquerque, New Mexico to prepare their clients to testify at the hearing in the FINRA arbitration, and to attend to other pre-Hearing matters.

10. The arbitration Hearing was conducted from June 13, 2022 through June 17, 2022 and June 20, 2022 through June 24, 2022.

11. The arbitration Award was issued by the FINRA arbitration Panel on or about July 25, 2022.

6

12. Matasar and Matasar Jacobs terminated their representation of Terry and Kerr on or about March 7, 2023.

13. Despite repeated demands, Rivera has failed to pay Matasar Jacobs for all fees, costs and expenses incurred in connection with the services rendered under the Engagement Agreements.

14. Matasar Jacobs is currently owed $177,611.64 in fees, costs and expenses incurred in connection with the services rendered under the Engagement Agreements.

15. A substantial portion of the amount Rivera owes Matasar Jacobs represents expenses for travel, hotels, meals and third-party vendors Matasar Jacobs engaged on Rivera's behalf, and whose expenses Matasar Jacobs advanced on Rivera's behalf.

16. Under the Engagement Agreements, Rivera had an obligation to remit payment of the fees, costs and expenses incurred by Matasar Jacobs in connection with the services rendered under the Engagement Agreements.

17. Despite repeated requests by Matasar Jacobs, Rivera failed to remit payment for the fees, costs and expenses owed.

18. Rivera has breached the Engagement Agreements.

19. Rivera is liable for payment of $177,611.64 to Matasar Jacobs.

WHEREFORE, Counter-Plaintiffs pray that the Court grant judgment in their favor on their claim for breach of contract for the amounts stated above, plus costs of suit, and all such other relief as it deems just and proper.

|  |  |
|---|---|
| Dated: April 16, 2024 | Respectfully submitted,<br>RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.<br><br>By      */s/ Charles J. Vigil*<br>     Charles J. Vigil<br>     Krystle A. Thomas<br>P. O. Box 1888<br>Albuquerque, NM 87103<br>Telephone: (505) 765-5900<br>FAX: (505) 768-7395<br>*Attorneys for Defendants* |

### CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2024, I filed the foregoing pleading through the Court's electronic filing system, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By      */s/ Charles J. Vigil*
     Charles J. Vigil